IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02141-PAB-MEH

BOND SAFEGUARD INSURANCE COMPANY,

      Plaintiff,

v.

MORLEY COMPANIES FAMILY DEVELOPMENT, LLLP, a/k/a Morley Family Development, LLLP, a/k/a Morley Companies Family Development, a/k/a Morley Family Development, a/k/a Morley Companies Family Development, LLP, a/k/a Morley Family Development, LLP, a/k/a Morley Companies Family Development, LLC, a/k/a Morley Companies,
ROBIN L. MORLEY, a/k/a Robin Morley, and
JIM MORLEY, a/k/a James Morley, a/k/a James F. Morley,

      Defendants.

---

## ORDER ON MOTION TO COMPEL

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court is Plaintiff-Judgment Creditor's Motion to Compel Production of Documents Under Rule 69 [filed March 7, 2012; docket #28].  The matter is referred to this Court for resolution.  (Docket #29.)  Plaintiff represents that the motion was mailed to Defendants on March 7, 2012; however, as of this date, Defendants have filed no response.  (Docket #28 at 10.)  For the reasons that follow, the Court **grants in part and denies in part** Plaintiff's motion.

## I.    Background

      This Motion arises from a Stipulation for Entry of Judgment and Acknowledgment of Service of Subpoena [docket #23] entered into and filed by the parties on November 15, 2011.  Shortly thereafter, Judge Brimmer entered judgment in favor of Plaintiff and against Defendants in the sum of $1,159,737.40, plus legal fees and costs of $6,140.90 with interest accruing on the amount from August 1, 2011, at a rate of eight percent (8%) per annum compounded annually

pursuant to Colo. Rev. Stat. § 5-12-102. (Docket #26.) Judge Brimmer further ordered that Plaintiff was entitled to recover legal fees and costs incurred in enforcing the judgment. (*Id*. at 2.)

As set forth in the parties' Stipulation, Defendants acknowledged that they had been served and would comply with the subpoena duces tecum [dockets ##28-1, 28-2 ] requiring them to produce documents on December 20, 2011, and to appear at Plaintiff's counsel's offices for an examination on December 21, 2011, pursuant to Fed. R. Civ. P. 69. (Docket #23 at 2.)  In accordance with this agreement, Plaintiff conducted a partial post-judgment examination of Defendants James and Robin Morley on December 21, 2011. At the examination, Defendant James Morley admitted that the he had failed to produce or search for various documents Plaintiff had requested. (Dockets ##28 at 4, 28-3.)  The parties agreed to continue the deposition to February 7, 2012. (Docket #28 at 4.)

Although Defendants were present at the February 7, 2012 examination, Plaintiff contends that they again failed to produce key documents regarding their current incomes and assets that were in their "possession, custody, or control." *Id*.  During the examination, Mr. Morley agreed on the record that he would produce K-1s from 2008 to the present for Morley entities, and that he would contact his accountant, Jay Kloster, to email the documents to Plaintiff's counsel that same day. (Docket #28-4 at 5-6.)  He also agreed to direct Mr. Kloster to email Plaintiff's counsel documentation reflecting gifts made to Morley Company Family Investments, LLLP by "Jim and Robin." (*Id*. at 13-14.)

In addition to the above documents, Plaintiff asserts that Defendants promised to produce other categories  of documents by February 21, 2012.[1] (Docket #28 at 5-6.)  Counsel for Plaintiff emailed Mr. Morley on February 13, 2012, and again on February 20, 2012, to inform him that the

---

[1]Upon review of the deposition transcripts, the Court does not find clear evidence of agreement with respect to each of the documents listed.  However, Defendants' express agreement is not required  under Fed. R. Civ. P. 69.

documents had not been produced and to remind him of the impending deadline.  (Dockets ##28-5 and 28-6.)  As noted in the February 20, 2012 email, counsel also followed up with Mr. Morley by phone.  (*Id*.)  According to counsel, Mr. Morley promised to deliver the documents by the February 21, 2012 deadline.  (Docket #28 at 6-7.)  However, as of March 7, 2012, neither Defendants nor their accountant had produced any of the requested documents.  (*Id*. at 7.)

Plaintiff filed the instant motion on March 7, 2012.  The Certificate of Service attached to the motion asserts that Plaintiff mailed the motion to Defendants that same day.  (*Id*. at 10.)  To date, Defendants have not filed a response.  On April 3, 2012, the Court issued a minute order directing Plaintiff to supplement its motion by filing a missing page of the February 7, 2012 deposition transcript.  (Docket #31.)  Consistent with the Court's order and upon further review of motion, Plaintiff filed pages 29 and 30 of the February 7, 2012 transcript.  (*See* dockets ##31, 33.)  Plaintiff also filed a supplemental notice regarding recent developments in Defendants' production of documents.  (Docket #32.)  According to the notice, Defendant James Morley has provided, via email, a listing of tenants at two Morley-owned buildings and two industrial buildings in Kansas City.  (*Id*.)  However, Plaintiff claims to have no means of confirming whether the lists are accurate.  (*Id*.)  Defendants have also allegedly provided other information related to "one or two" other documents identified in the motion; however Plaintiff contends that the information is incomplete.  (*Id*.)

Plaintiff's motion seeks three forms of relief.  First, Plaintiff seeks an order from the Court compelling Defendants to comply with the subpoena deuces tecum and to produce "documents showing the present...income and financial status of [Defendants] and any entities or persons which might be classified as [their] subsidiaries or affiliates."  Second, Plaintiff asks the Court to order Defendants to produce the documents at the courthouse at a continued Rule 69 examination.  Finally,

Plaintiff asks for an award of attorney's fees incurred as a result of the instant motion.  The Court will address each request in turn.

## II.   Discussion

Fed. R. Civ. P. 69(a)(2) provides that a  judgment creditor "may obtain discovery from any person–including the judgment debtor–as provided in these rules or by the procedure of the state where the court is located."  Courts have interpreted the scope of post-judgment discovery broadly to include the discovery of assets upon which execution can be made.  *See Hartford Fire Ins. Co. V.P & H Cattle Co.*, No. 05-2001-DJW, 2009 WL 2951120, at *7 (D. Kan. Sept. 10, 2009) (citing *Fed. Deposit Ins. Corp. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995.)  Thus, the question before the Court is whether the discovery Plaintiff seeks under Rule 69(a)(2), namely the production of documents, is within the scope of Rules 26 and 34.

### A.   Request for Production of Documents

Plaintiff's motion asks the court to compel the production of "documents showing the present...income and financial status of [Defendants] and any entities or persons which might be classified as [their] subsidiaries or affiliates."  (Docket #28 at 9.)  Upon review of the motion and in consideration of the broad scope of post-judgment discovery, the Court finds the following documents relevant under Rules 26 and 34:

- Defendants' K-1s tax forms from 2008, 2009, and 2010;

- documentation of gifts that have been made to Morley Company Family Investments, LLLP by any defendants named in this lawsuit;

- contact information for any potential debtors mentioned at Defendants' February 7, 2012 deposition;

- Morley entity tax returns for 2008 through 2011;

- documentation of any deposits made by Defendants into the checking account of Bryce Morley since 2008[2];

- copies of any notes reflecting loans from the "building accounts" mentioned in the February 7, 2012 deposition;

- documentation related to loans from "Dar and Joy," individuals identified by Defendants at the February 7, 2012 deposition;

- a listing of all current tenants at Morley-owned buildings;

- a listing of all current tenants for industrial buildings owned by Defendants in Kansas City;

- all documentation regarding the sale and loan of Defendants' household furnishings;

- all account documents for the James F. Morley account at Stockmens Bank subsequent to September 2011[3];

- account statements from Morley Company Family Investment's two bank accounts;

- documents showing bank account reconciliation details kept on Defendants' "old computer";

- copies of IRS refund checks issued to Defendants from 2010 totaling approximately $2.3 million;

- bank account statements from November 1, 2011 through the present related to Morley Company Family Development;

---

[2]The Court notes that Defendants admit to depositing funds into their daughter Bryce's checking account in order to pay their personal bills.  (Docket #28-4 at 8.)

[3]Plaintiff asserts that page 131 of the February 7, 2012 deposition transcript contains a reference to the Stockmens account [docket #28 at 5]; however, it does not. (*See* docket #28-4 at 19.) Nevertheless, if Mr. Morley has an account at a Stockmens Bank, statements from that account are relevant to the execution of Plaintiff's judgment.

- documents containing information related to the foreclosure of Defendants' property in Arizona; and

- bank account statements related to "Informa, Inc.," "Pinons of Turkey Canyon Ranch," "Engineering & Surveying," "Robin L. Morley household account," "Cheyenne Ridge HOA," "MM Ranch," "Morley Golf," "Morley Oil," "Front Range," "Brush Hollow," and "Turkey Canyon Ranch Quarry."

Finding that the documents listed above are relevant, that Defendants have confirmed the existence of such documents, and that Defendants have ultimately agreed to comply with the subpoena duces tecum, the Court orders Defendants to produce the above documents accordingly.

B.    Production at the Courthouse

Additionally, Plaintiff asks that production occur at the courthouse in a continuation of the Rule 69 examination. Plaintiff believes that such an order would facilitate Defendants' compliance, but provides no other detailed reason for the request.

Thus far, Defendants have participated in two separate days of depositions and have discussed the existence of numerous documents with Plaintiff. (*See* dockets ##28-3, 28-4.) At this point, the Court does not find good cause for a continued in-person examination. However, Plaintiff is free to raise the request again if Defendants remain unwilling to produce the documents described herein.

C.    Sanctions

The plain language of Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion to compel is granted, or if the requested discovery is provided after the motion was filed,

> the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including the attorney's fees."

(emphasis added). Rule 37(a)(5)(A) also provides three exceptions, stating that the Court must not order costs or fees if: i) "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;" ii) "the opposing party's nondisclosure, response, or objection was substantially justified;" or iii) "other circumstances make an award of expenses unjust."

As a threshold matter, the Court finds that Defendants were given a fair opportunity to be heard, even if they elected not to comment. Plaintiff represents that Defendants were served with the motion on March 7, 2012. (Docket #28 at 10.) In addition, as part of the settlement, Defendants agreed that Plaintiff would be entitled to recover legal fees and costs incurred in attempting to enforce the judgment. (Docket #23 at 2.) This provision ultimately became an order of the Court, as entered by Judge Brimmer on November 27, 2011. (Docket #26 at 2.) Plaintiff cites neither the agreement or order in support of its argument for fees, so the Court declines to enforce either in this instance. However, the Court does find the agreement and subsequent order sufficient to place Defendants on notice that failure to comply with the subpoena would likely result in an award of costs and fees.

Although Plaintiff's motion included a request for fees and Defendants received an opportunity to respond, Defendants made no argument regarding this issue. Thus, the Court considers the possible exceptions under which Defendants may be relieved of the otherwise mandatory provisions of Rule 37(a)(5)(A) without comment from Defendants.

First, it is clear from the briefing that Plaintiff made several attempts to obtain the requested discovery before seeking intervention from the Court. Pursuant the Stipulation for Entry of Judgment...[docket #23] Defendants acknowledged service of the subpoena deuces tecum which required them to produce all responsive documents on December 20, 2011. (Docket #23 at 2.)

When Defendants failed to produce the requested documents at the December 21, 2011 deposition, Plaintiff agreed to continue to deposition to February 7, 2012, giving Defendants over a month of additional time. Defendants again failed to produce the necessary documents, but agreed at the February 7, 2012 deposition to produce the documents by February 21, 2012.  As the date approached, Plaintiff's counsel contacted Defendants on several occasions to remind them of the upcoming deadline.  The deadline came and went, and Defendants produced nothing.  Plaintiff then waited an additional three weeks before filing the present motion.  Plaintiff's record of patience and persistence convinces the Court that Plaintiff made more than a good-faith effort to obtain the discovery before seeking the Court's assistance.

Second, the Court considers whether the Defendants' nondisclosure was substantially justified.  Defendants were given several months between November 2011 and March 2012 to produce responsive documents.  Defendants also indicated that several of the documents were readily accessible and could be produced with relative ease. (*See* docket #28-4 at 27.)   In light of the record in this case and in the absence of argument by Defendants, the Court finds that Defendants' nondisclosure was not substantially justified.

Finally, the Court finds no other circumstances that would make an award of expenses unjust.  Because none of the exceptions apply in this case, the general provisions of Rule 37(a)(5)(A) control. The Court is, therefore, required to impose an award of reasonable costs on the party or attorney necessitating the motion. In this case, the Court finds that Defendants necessitated the motion by failing to provide Plaintiff with responsive documents prior to Plaintiff filing this motion.

Although Plaintiff's counsel state their fees in the present motion, they have failed to submit a separate affidavit describing the amounts with particularity.  In the absence of an affidavit, the Court cannot determine the reasonableness of such fees at this time.  Thus, if Plaintiff's counsel

wishes to recover their fees, they must submit an affidavit describing those amounts within fourteen days of the date of this order.

## III.   Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff-Judgment Creditor's Motion to Compel Production of Documents Under Rule 69 [filed March 7, 2012; docket #28] is **granted in part and denied in part** as specified herein.

Dated at Denver, Colorado, this 10th day of April, 2012.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge