IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02141-PAB-MEH

BOND SAFEGUARD INSURANCE COMPANY,

      Plaintiff,

v.

MORLEY COMPANIES FAMILY DEVELOPMENT, LLLP, a/k/a Morley Family Development, LLLP, a/k/a Morley Companies Family Development, a/k/a Morley Family Development, a/k/a Morley Companies Family Development, LLP, a/k/a Morley Family Development, LLP, a/k/a Morley Companies Family Development, LLC, a/k/a Morley Companies,
ROBIN L. MORLEY, a/k/a Robin Morley, and
JIM MORLEY, a/k/a James Morley, a/k/a James F. Morley,

      Defendants.

---

## MINUTE ORDER

---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on September 5, 2012.**

      Pursuant to the Court's July 30, 2012 order on Plaintiff's Motion for Sanctions...[docket #47] and as discussed on the record at the July 30, 2012 hearing on the Court's Order to Show Cause, Plaintiff filed a Submission to Magistrate (Judge) of Plaintiff's Request to Set Amount of Attorneys' Fees Awarded in July 30, 2012 Hearing and Affidavit in Support Thereof [filed August 14, 2012; docket #48], which the Court construes as a motion for attorney's fees.  On  August 15, 2012, the Court granted Defendants leave to file a response to the Affidavit on or before August 24, 2012. (Docket #50.)  Plaintiff mailed and emailed a copy of the order to Defendants on August 17, 2012. (Docket #51.)  Although Defendants  have failed to respond to either the Affidavit or the underlying motion, the Court is satisfied that Defendants have received adequate notice and opportunity to do so.

      As noted on the record at the Court's July 30, 2012 hearing, Plaintiff is entitled to recover reasonable attorney's fees incurred as a result of Defendants' failure to comply with the Court's orders.  The Affidavit submitted by Plaintiff's counsel represents that Plaintiff incurred a total of $3,877.50 in attorney's fees attempting to secure Defendants' compliance with the Court's orders. (Docket #38 at 1.)  Although the Court observes no excessive, redundant or unnecessary work on the part of Plaintiff's counsel, the Court's calculation of fees differs slightly from Plaintiff's. In particular, Plaintiff represents that attorney Andrew S. Miller worked a total of 6.5 hours, but the Court calculates 6.7 hours of work.  Likewise, Plaintiff claims that Jerome M. Joseph worked a total of 13.7 hours, but the Court calculates only 13.5 hours of work.  Applying these calculations to the reasonable billing rates of Mr. Miller ($175 per hour) and Mr. Joseph ($200 per hour), the Court calculates attorney's fees of $3,872.50.  Thus, Plaintiff's motion is **granted in part** and **denied in part**, and Defendants are hereby ordered to pay Plaintiff's attorney's fees as described herein.