IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02141-PAB-MEH

BOND SAFEGUARD INSURANCE COMPANY,

    Plaintiff,

v.

MORLEY COMPANIES FAMILY DEVELOPMENT, LLLP, a/k/a Morley Family Development, LLLP, a/k/a Morley Companies Family Development, a/k/a Morley Family Development, a/k/a Morley Companies Family Development, LLP, a/k/a Morley Family Development, LLP, a/k/a Morley Companies Family Development, LLC, a/k/a Morley Companies,
ROBIN L. MORLEY, a/k/a Robin Morley, and
JIM MORLEY, a/k/a James Morley, a/k/a James F. Morley,

    Defendants.

## STIPULATED PROTECTIVE ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

THIS MATTER having come before the Court on the stipulation of the respective parties concerning the production of certain documents in this action, and the Court being fully advised, enters the following Stipulated Protective Order. By signing below, counsel for the impacted parties request that the Court enter this Order.

1.    This Stipulated Order concerns the production of documents containing potentially confidential and private information; bank account information; and financial information held by Stockmens Bank ("bank") related to 1885 Brantfeather Grove, Colorado Springs, Colorado ("1885 Brantfeather").

2.    Any documents produced by the bank related to 1885 Brantfeather, which the bank reasonably believes is of a sensitive and confidential nature and which information is not publicly available, may be designated as "Confidential" by the bank, and all documents so designated and

all copies thereof (hereinafter referred to collectively as "Confidential Information"), shall be treated as confidential and shall not be disclosed except as provided in this Order; PROVIDED, however, that counsel for the bank may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order.

3. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

4. A document may be designated as confidential pursuant to the terms of this Order by the bank affixing to the first page thereof a stamp or label with the word "CONFIDENTIAL".

5. Except as provided for in paragraph 6, below, Confidential Information shall be produced only to Plaintiff and its counsel of record in this action who agree to be bound by the terms of this Order. Confidential Information may also be produced to any counsel of any other party who joins in this action and who agrees to be subject to the terms herein.

6.     Neither the Confidential Information nor its contents shall be disclosed to any other person without the agreement of the bank, except that the parties may, without further agreement, disclose the Confidential Information or its contents to the following persons under the following conditions and subject to all other terms of this Stipulated Protective Order:

a.     counsel of record or persons in the employ of counsel of record;

b.     experts or consultants retained by a party (whose identification shall be disclosed to counsel for the opposing party);

c.     individually named parties and entities to this litigation;

d.     any person who appears as a witness in a deposition or court proceeding;

e.     any person who is interviewed and shown Confidential Information as part of such interview so long as the person interviewed agrees in writing to be bound by the provisions of this Protective Order;

f.     a Court before which any action is pending between the parties;

g.     any court reporters present in their official capacity at any hearing, deposition, or other proceeding between any of the parties.

7.     All persons to whom Confidential Information is disclosed pursuant to subparagraph 6(e) above shall agree in writing to be bound by the provisions of this Protective Order.

8.     Confidential Information used as deposition exhibits shall be subject to this Order.  Each court reporter shall be instructed by the parties' counsel to place such deposition exhibits in a sealed envelope with the legend "Confidential Information -- not to be opened except by written stipulation between the parties or by order of the Court."

9.      Confidential Information may be used, subject to the terms and conditions of this Protective Order: in support of or in opposition to any motion between the parties; during any court conference or hearing; during any trial between the parties; during any appeal thereof; and in Plaintiff's efforts to collect monies owed by the Defendants.

10.     Nothing in this Protective Order shall in any way affect the admissibility of Confidential Information.

11.     Producing or receiving materials or otherwise complying with the terms of this Order shall not:

a.      operate as an admission by any party that any particular material contains or reflects any Confidential Information; or

b.      prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of other privilege; or

c.      prejudice in any way the rights of a party to seek a court determination whether particular materials should be produced; or

d.      prejudice in any way the rights of any party to apply to the Court for any additional protection with respect to the confidentiality of documents or information as that party may consider appropriate.

12.     Any party may at any time and for any reason seek modification of this Protective Order. This Protective Order can be modified only by written agreement of the parties or by order of this Court.  Each party reserves the right to object to any party's motion or request to modify this Protective Order.

13. Upon the receipt of the signature of Plaintiff's counsel on this Order, bank's counsel shall produce the Confidential Information to Plaintiff's counsel.

14. Bank acknowledges that in this case it previously was served with a Subpoena for Production of Documents by Plaintiff ("Subpoena"). Upon the production of the Confidential Information, bank represents that it will have produced to Plaintiff all documents within the bank's possession, custody or control covered by the Subpoena except with respect to those documents already in the possession, custody or control of Plaintiff because they were previously produced by Defendants.

Dated and entered at Denver, Colorado, this 26th day of October, 2012.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

Dated October 24, 2012

GODIN & BAITY, LLC

    s/Jerome M. Joseph

By_____
Jerome M. Joseph, Esq.
Andrew S. Miller, Esq.
Attorneys for Plaintiff


HOWARD & JENSEN LLC

    s/Eric S. Howard

By_____
Eric S. Howard, Esq.
Erin M. Jensen, Esq.
Attorneys for Defendants and for Stockmens Bank