IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02141-PAB-MEH

BOND SAFEGUARD INSURANCE COMPANY,

      Plaintiff,

v.

MORLEY COMPANIES FAMILY DEVELOPMENT, LLLP, a/k/a Morley Family Development, LLLP, a/k/a Morley Companies Family Development, a/k/a Morley Family Development, a/k/a Morley Companies Family Development, LLP, a/k/a Morley Family Development, LLP, a/k/a Morley Companies Family Development, LLC, a/k/a Morley Companies,
ROBIN L. MORLEY, a/k/a Robin Morley, and
JIM MORLEY, a/k/a James Morley, a/k/a James F. Morley,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge.**

      Before the Court is Plaintiff's Renewed Motion (Now Unopposed) for Order Requiring Garnishee to Pay Funds into the Court and Directing Clerk to Disburse Funds to Judgment (sic) Creditor [filed January 18, 2013; docket #128].   The matter is referred to this Court for recommendation.[1]  (Docket #130.)   Because Plaintiff's Motion is unopposed, the Court issues its recommendation without further briefing.  For the reasons that follow,  the Court **RECOMMENDS** Plaintiff's Motion be **GRANTED**.

---

[1]The Tenth Circuit has declined to determine whether a Magistrate Judge is authorized to enter orders of garnishment. *See Soc. of Lloyd's v. Bennett*, 204 F. App'x 278, 731 (10th Cir. 2006). However, several courts in the Western District of Oklahoma have interpreted the Tenth Circuit's decision in *United States v. Thompson*, 285 F. App'x 522 (10th Cir 2008) to require that Magistrate Judges resolve the issue by recommendation. *See United States v. Blackbear*, No. CR-08-0141-F, 2009 WL 90578, at *1 (W.D. Okla. Jan. 13, 2009); *United States v. Tucker*, No. CIV-00-579-C, 2008 WL 4849554, at *1 (W.D. Okla. Nov. 7, 2008). After consulting with the District Court, the Court finds that a recommendation is appropriate in this instance.

## I.     Background

This Motion arises from a Stipulation for Entry of Judgment and Acknowledgment of Service of Subpoena [docket #23] entered into and filed by the parties on November 15, 2011. Shortly thereafter, Judge Brimmer entered judgment in favor of Plaintiff and against Defendants in the sum of $1,159,737.40, plus legal fees and costs of $6,140.90 with interest accruing on the amount from August 1, 2011, at a rate of eight percent (8%) per annum compounded annually pursuant to Colo. Rev. Stat. § 5-12-102. (Docket #26.) Judge Brimmer further ordered that Plaintiff was entitled to recover legal fees and costs incurred in enforcing the judgment. (*Id*. at 2.)

After conducting significant post-judgment discovery, Plaintiff sought recovery of its debt through various garnishments. In accordance with Plaintiff's efforts, the Clerk of the Court issued a Writ with Notice of Exemption and Pending Levy to Stockmens Bank ("the Writ") on September 11, 2012. (Docket #58.) Stockmens Bank filed an answer on September 25, 2012, indicating that it held $79.64 of funds belonging to James Morley and $3,247.87 of funds belonging to Robin Morley. (Docket #112-1.) Plaintiff served Eric S. Howard, counsel for the Morleys and Stockmens Bank, with a copy of the Writ on October 1, 2012. (*See* docket #112-2.) As of this date, neither Stockmens Bank nor the Morleys have filed any objection related to the garnishment.

## II.     Discussion

Fed. R. Civ. P. 69(a)(1) makes clear that the procedure for judgment execution "must accord with the procedure of the state where the court is located," unless a federal statute governs the debt. Because the debt in this case does not implicate federal law, Colo. R. Civ. P. 103 § 2 provides the applicable procedure for entering the order of garnishment and dispersing the garnished funds. Pursuant to Colo. R. Civ. P. 103 § 2(g)(2), judgment shall not enter until the judgment creditor has demonstrated that "(A) a copy of the writ with notice was properly served upon the judgment debtor,

and (B) no written claim of exemption was filed within 14 days after such service or a written claim of exemption was properly filed and the same was disallowed." Following the entry of judgment, Colo. R. Civ. P. 103 § 2(h) states that "the clerk of the court shall disburse funds to the judgment creditor without further application or order and enter the disbursement in the court records." The judgment creditor must refund any disbursement in excess of the amount necessary to satisfy the judgment. *Id.*

Upon review of the record in this case, the Court finds that a copy of the Writ was properly served on Defendants and that Defendants have not filed a claim of exemption. Therefore, the Court recommends the District Court direct the Clerk of the Court to enter judgment in favor of James Morley in the sum of $79.64 and in favor of Robin Morley in the sum of $3,247.87 against Stockmens Bank for the use of Plaintiff. The Court further recommends that the District Court instruct the Clerk of the Court to promptly disburse said funds to Plaintiff's counsel on behalf of Plaintiff.

## III.     Conclusion

For the reason described above, the Court recommends Plaintiff's Renewed Motion (Now Unopposed) for Order Requiring Garnishee to Pay Funds into the Court and Directing Clerk to Disburse Funds to Judment (sic) Creditor [filed January 18, 2013; docket #128] be **GRANTED** as stated herein.

Dated at Denver, Colorado, this 4th day of February, 2013.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge